UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRAEL MALDONADO-RAMIREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCISCO ET AL.,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00162-HBK (PC)<br><br>ORDER TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915 (g) [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 2) |

　　　　Plaintiff Israel Maldonado-Ramirez, a prisoner incarcerated at Madera County Jail, initiated this action by filing a pro se prisoner civil rights complaint under 42 U.S.C. § 1983 on February 2, 2023.  (Doc. No. 1, "Complaint").  Plaintiff seeks to proceed in this action *in forma pauperis*.  (Doc. No. 2).  For the reasons discussed below, the undersigned recommends the district court deny Plaintiff's IFP motion under 28 U.S.C. § 1915(g) because Plaintiff has had at least three actions or appeals that constitute strikes, and the Complaint does not establish that Plaintiff meets the imminent danger exception.

///

---

[1] The undersigned submits these factual findings and recommendations to the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

## BACKGROUND AND FACTS

The Complaint identifies the following as defendants: Bar Associate Francisco, Brah Cona, and the Madera County Police Department. (Doc. No. 1 at 1-2). The Complaint is difficult to decipher and is disjointed. To the extent discernable and liberally construed, Plaintiff's complaint alleges that unspecified personal property was wrongly taken (Claims 1, 3), he suffered retaliation by unspecified individuals (Claim 2), he was denied Due Process in unspecified court or grievance proceedings (Claims 4 and 5), his request for medical leave has not been granted (Claims 6 and 7), and an outside legal organization declined to pursue a case on his behalf (Claim 8). (*See generally id*.)

## APPLICABLE THREE STRIKE LAW

The "Three Strikes Rule" states:

> In no event shall a prisoner bring a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in the United States that was dismissed on grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). As part of the Prison Litigation Reform Act, the Three Strikes Rule was enacted to help curb non-meritorious prisoner litigation. *See Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020) (citations omitted)). Under § 1915(g), prisoners who have repeatedly brought unsuccessful suits may be barred from bringing a civil action and paying the fee on a payment plan once they have had on prior occasions three or more cases dismissed as frivolous, malicious, or for failure to state a claim. *Id.*; *see also Andrews v. Cervantes*, 493 F.2d 1047, 1052 (9th Cir. 2007).

For a dismissal to count as a strike, the dismissal had to be on a "prior occasion," meaning the order dismissing the case must have been docketed before plaintiff initiated the current case. *See* § 1915(g). The reviewing court then looks to the basis of prior dismissals. *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A dismissal counts as a strike when the dismissal of the action was for frivolity, maliciousness, or for failure to state a claim, or an appeal was dismissed for the same reasons. *Lomax*, 140 S. Ct. at 1723 (citing Section 1915(g)); *see also Washington v.*

*Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048 (9th Cir. 2016) (reviewing dismissals that count as strikes); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015) (dismissal that is on appeal counts as a strike during the pendency of the appeal). It is immaterial whether the dismissal for failure to state a claim to count was with or without prejudice, as both count as a strike under § 1915(g). *Lomax,* 140 S. Ct. at 1727. When a district court disposes of an *in forma pauperis* complaint requiring the full filing fee, then such a complaint is "dismissed" for purposes of §1915(g). *Louis Butler O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008).

Once a prisoner-plaintiff has accumulated three strikes, he/she may not proceed without paying the full filing fee, unless "the complaint makes a plausible allegation" that the prisoner "faced 'imminent danger of serious physical injury' at the time of filing" of the complaint. *Andrews v. Caervantes*, 493 F.3d 1047, 1051-52 (9th Cir. 2007) (addressing imminent danger exception for the first time in the Ninth Circuit). The court must construe the prisoner's "facial allegations" liberally to determine whether the allegations of physical injury are plausible. *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015).

In order to avail oneself of this narrow exception, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F. 4th 692, 700-701 (9th Cir. Apr. 11, 2022) (adopting nexus test). "In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id*. at 700 (adopting test as articulated by Second Circuit, citation omitted). The three-strikes litigant must meet both requirements of the nexus test to proceed. *Id*.

Assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous." *Andrews*, 493 F.3d at 1057, fn. 11. Similarly, "vague and utterly conclusory assertions" of imminent danger are insufficient. *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998). Instead, the "imminent danger" exception exists "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Thus, conditions that posed imminent danger to a

plaintiff at some earlier time are immaterial, as are any subsequent conditions. *Cervantes*, 493 F.3d at 1053; *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).

Upon a finding that the plaintiff is barred by the three strikes provision of 28 U.S.C. § 1915(g), some courts have found that the proper procedure is to dismiss the case without prejudice to re-filing the action upon pre-payment of fees at the time the action is refiled. *Hardney v. Hampton*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 4896034, at *4 (E.D. Cal. Oct. 20, 2021), *report and recommendation adopted*, No. 2:20-cv-01587-WBS-DMC-P, 2021 WL 6051701 (E.D. Cal. Dec. 21, 2021) (citing *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Campbell v. Vance*, No. CIV S-05-1163 RRB, 2005 WL 3288400, at *1 (E.D. Cal. Nov. 30, 2005). Other courts have first afforded the plaintiff an opportunity to pay the filing fee before dismissing the case. *See Gorby v. Internal Revenue Service, Fresno*, Case No. 1:21-cv-320-NONE-HBK, 2021 WL 1339146, *report and recommendation adopted in part and rejected in part*, 2021 WL 2227810 (E.D. Cal. June 2, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not, then requiring dismissal); *Trujillo Cruz v. White*, No. 2:19-cv-1304-KJM-DMC, 2019 WL 4917192 (Oct. 4, 2019), *report and recommendation adopted in part and rejected in part*, *Trujillo-Cruz v. White*, 2020 WL 1234201 (E.D. Cal. March 13, 2021)(rejected immediate dismissal, instead permitting 30 days to pay filing fee, and if not then requiring dismissal).

The preceding law must be taken in the context of congressional intent when enacting the Prison Litigation Reform Act. As the United States Supreme Court noted in *Lomax*, "[t]he point of the PLRA . . . was to cabin not only abusive but also simply meritless prisoner suits." *Lomax*, 140 S.Ct. at 1726. And the three strikes provision, in particular, was aimed "to disincentivize frivolous prisoner litigation." *Hoffman v. Pulido*, 928 F.3d 1147, 1148-49 (9th Cir. 2019).

## ANALYSIS

**A. Plaintiff has three or more qualifying strikes**

A review of the Pacer Database reveals that Plaintiff has filed more than 20 civil actions

4

or appeals in a court of the United States.[2]  Although not exhaustive, for purposes of these findings and recommendations, each of the following cases are properly deemed qualifying § 1915(g) strikes and each was entered before Plaintiff commenced the instant action:

| Date of Order | Case Style | Disposition |
| --- | --- | --- |
| November 18, 2021 | *Ramirez v. Khale et al.*, No. 1:21-cv-1213-DAD-EPG (E.D. Cal.) | Adopting Findings and Recommendations to dismiss complaint as frivolous. |
| October 27, 2021 | *Ramirez v. Khale*, No. 1:21-cv-1237-NONE-GSA (E.D. Cal.) | Adopting Findings and Recommendations to dismiss complaint as barred by *Heck v. Humphrey,* 512 U.S. 477 (1994) from face of complaint. |
| November 21, 2022 | *Ramirez v. Perez*, No. 1:22-cv-564-JLT-SAB (E.D. Cal.) | Adopting Findings and Recommendation to dismiss complaint for failure to state a cognizable claim for relief, failure to comply with a court order, and failure to prosecute.  *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) (finding dismissal counts as 1915(g) strike "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint."). |

As evidenced above, Plaintiff has had three or more qualifying strikes for purposes of § 1915(g).

**B.  The Imminent Danger Exception Does Not Apply**

Because Plaintiff has three-qualifying strikes, he may not proceed IFP unless the Complaint contains plausible allegations that Plaintiff is in imminent danger of serious physical injury as of the date the complaint is filed.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th

---

[2] http://pacer.usci.uscourts.gov

5

Cir. 2007). Liberally construing the Complaint, there are no facts that indicate Plaintiff was in imminent danger of serious physical injury at the time he filed the action. Plaintiff's Complaint, to the extent discernible, centers on the wrongful taking of his property, an unspecified form of retaliation, due process violations, denial of his request for medical leave, and the ACLU's failure to pursue his case. (*See generally id.*). The nature of Plaintiff's claims do not lend themselves to imminent danger of serious physical injury, nor does Plaintiff allege any facts that articulate a risk of imminent physical danger.

While Plaintiff uses certain words that may give the perception of physical injury such as "die" (e.g., "do it for me to die forever") (*Id.* at 4) and "kill" (e.g., "if they keep on do it ima keep on killing them") (*Id.* at 10), such phrases are insufficient to qualify as imminent danger of serious physical harm. The law requires that there be a nexus between the imminent danger that Plaintiff alleges and the claims he asserts in the Complaint. Without providing more facts, simply using words related to physical injury does not show imminent danger under § 1915(g). *Cruz v. Pfeiffer*, No. 1:20-CV-01522-AWI-SAB-PC, 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021). Accordingly, Plaintiff does not satisfy either prong of the nexus test set forth above.

Accordingly it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) be DENIED under § 1915(g) due to his three-strike status and his failure to meet the imminent danger exception.

////

////

////

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   March 2, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE